**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDGARDO TOUCET,**

        **Plaintiff,**

**-vs-**                                           **Case No. 6:11-cv-617-Orl-31DAB**

**FUTURE FOAM CARPET CUSHION CO.**
**and BAUMER OF AMERICA, INC.,**

        **Defendants.**

_____

# ORDER

This cause comes before the Court on a motion for judgement on the pleadings (Doc. 61) filed by Defendant Future Foam Carpet Cushion Co. ("FFCC"), and the response (Doc. 65) filed by Plaintiff Edgardo Toucet ("Toucet").[1]

In Count I of the Second Amended Complaint, (Doc. 36), Plaintiff asserts a claim for negligence against FFCC for disabling safety mechanisms on the peeler machine, failure to train or warn of the hazards, failure to use upgrades which would have prevented or reduced his injuries, and failing to comply with applicable federal and state safety regulations in the maintenance and operation of the peeler machine. FFCC moves to dismiss the Second Amended Complaint on the basis that it is immune to liability pursuant to Florida's workers compensation statute and common law. FLA. STAT. § 440.11(1). Toucet argues in response that FFCC is not entitled to immunity because it was

---

[1] The factual background of this case was set forth in this Court's May 19, 2011 Order and will not be repeated here. (*See* Doc. 33).

not his "employer." Rather, he was employed and supervised at all times by Spartan Staffing, LLC ("Spartan").

**I. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)).[2] This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell*

---

[2] Motions pursuant to Rule 12(c) require the same substantive analysis as motions pursuant to Rule 12(b)(6). *Kermanj v. Goldstein*, 401 Fed. App'x 458, 459 (11th Cir. 2010) (citing *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002)).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## II. Analysis

Florida's worker's compensation statute provides, in relevant part, that "[t]he liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability . . . ." FLA. STAT. §440.11(1). That immunity also applies to employers who "borrow" employees from "help supply services" companies:

> [t]he immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.

FLA. STAT. § 440.11(2). A "help supply services company" is defined by OSHA Standard Industry Code Industry Number 7363, as:

> Establishments primarily engaged in supplying temporary or continuing help on a contract or fee basis. The help supplied is always on the payroll of the supplying establishments, but is under the direct or general supervision of the business to whom the help is furnished.

*St. Lucie Falls Property Owners Ass'n v. Morelli*, 956 So.2d 1283, 1285 (Fla. 4th DCA 2007) (citing *Sagarino v. Marriott Corp.*, 644 So.2d 162, 165 (Fla. 4th DCA 1994)).

In addition to the statutory provisions, FFCC moves to dismiss based on the "borrowed servant" doctrine. The common law "borrowed servant" doctrine creates a presumption that the

-3-

employee's "general employment" continues unless overcome by a showing that the employer has "lent" its employee to a new special employer. *Id*. at 1286 (citing *Horn v. Tandem Health Care of Florida, Inc.*, 862 So.2d 938, 940 (Fla. 2d DCA 2004) and *Shelby Mut. Ins. Co. v. Aetna Ins. Co.*, 246 So.2d 98, 101 (Fla. 1971)). Accordingly, a party claiming to be a "special employer" must establish that, "(1) there was a contract for hire, either express or implied, between the special employer and the employee; (2) the work being done at the time of the injury was essentially that of the special employer; and (3) the power to control the details of the work resided with the special employer." *Shelby*, 246 So.2d at 101 n. 5.[3]

FFCC moves to dismiss the Second Amended Complaint on the basis that Spartan Staffing was a "help supply services company." Since Spartan provided Toucet with worker's compensation benefits, FFCC argues that it is entitled to immunity from suit under FLA. STAT. § 440.11(2) and the common law "borrowed servant" doctrine. Toucet argues in response that FFCC is not entitled to immunity because it was not his employer, or special employer.

To be entitled to immunity under both FLA. STAT. § 440.11(2) and the common law, FFCC must establish, *inter alia*, that it has the "power to control the details of the work." *Shelby*, 246 So.2d at 101 n. 5; *Fossett v. Southeast Toyota Distrib.*, LLC, 60 So.3d 1155, 1157-58 (Fla. 1st DCA 2011). The Second Amended Complaint contains the following allegations regarding Toucet's employment status:

1. he was paid, and employed by Spartan to perform unskilled labor for Spartan and its clients (Doc. 36, ¶ 5);

---

[3] "The question of whether there exists an employer/employee relationship is normally reserved for the jury to determine." *Sagarino v. Marriott Corp.*, 644 So.2d 162, 164 (Fla. 4th DCA 1994) (citing *Rogers v. Barrett*, 46 So.2d 490 (Fla.1950)).

2. his employment and work activities were managed and supervised by Spartan (Doc. 36, ¶ 7);

3. he was "sent" to perform day labor for FFCC (Doc. 36, ¶ 8);

4. he never gave his "informed consent" to serve as FFCC's "borrowed servant" (Doc. 36, ¶ 9);

5. the "peeler machine" was owned by FFCC (Doc. 36, ¶ 11);

6. "[a]t the time of the accident, Toucet was told by FFCC personnel to replace the foam core on the mandrel of the peeler machine" (Doc. 36, ¶ 15);

7. "[p]rior to and at the time of the accident, Toucet performed his work tasks on the machine without direction, cooperation, or assistance of FFCC's independent mechanics and maintenance personnel." (Doc. 36, ¶ 24); and

8. "[a]t all times relevant to the actions alleged, FFCC was neither an employer nor special employer enjoying tort immunity under Florida law. (Doc. 36, ¶ 31).

Although there may be a disputed issue of material fact regarding the exact nature of Toucet's employment, the allegations in the Second Amended Complaint are sufficient to survive a motion to dismiss.[4]

In light of the foregoing, it is **ORDERED** that Defendant's motion (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 4, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

[4] FFCC also claims it is entitled to judgement on the pleadings because Toucet "elected the exclusive remedy of worker's compensation benefits" provided by Spartan. This argument, however, depends on the nature of Toucet's employment status.