# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDGARDO TOUCET,**

**Plaintiff,**

-vs-                                                    Case No.  **6:11-cv-617-Orl-31DAB**

**FUTURE FOAM CARPET CUSHION CO.
and BAUMER OF AMERICA, INC.,**

**Defendants.**

_____

# ORDER

This cause comes before the Court without oral argument on a motion for summary judgement (Doc. 58) filed by Defendant, Baumer of America, Inc. ("Baumer"); the Response (Doc. 66) filed by Plaintiff Edgardo Toucet ("Toucet"); and Baumer's reply (Doc. 68).[1]

The Second Amended Complaint asserts a claim for negligence (Count II) and strict liability (Count III) against Baumer, which manufactured the peeler machine in question. (*See* Doc. 36). Baumer now moves for summary judgement on both Counts pursuant to Rule 56(c).

## I. Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that

---

[1] The factual background of this case was set forth in this Court's May 19, 2011 Order and will not be repeated here. (*See* Doc. 33).

no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

**II. Analysis**

Baumer argues that Plaintiff's claims are barred by Florida's statute of repose. Fla. Stat. § 95.031(b) provides, in relevant part,

> Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a

product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. All products, except those included within subparagraph 1. or subparagraph 2., are conclusively presumed to have an expected useful life of 10 years or less.

It is undisputed that Plaintiff's injury occurred outside the twelve-year limitation. Plaintiff argues however that the statute does not apply where there is an express warranty. Such a representation "is entirely possible," according to Plaintiff, given the "long lasting nature of this large industrial equipment." (Doc. 66 at 4). Plaintiff purportedly "attempted to conduct discovery designed to verify [Baumer's affidavits suggesting that] no representation were made," but Baumer was "evasive." (Doc. 66 at 5). In an attempt to remedy the lack of evidence, Plaintiff cites to a claim on Baumer's website which advertises "continuous provision of advice and assistance." (Doc. 66 at 4).

Plaintiff cannot avoid summary judgement simply by asserting that favorable evidence "may" exist. There is no record evidence that any such warranty was made. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted). Moreover, the assertion that Plaintiff needs more time to conduct discovery due to Baumer's "evasive" responses is disingenuous. Baumer asserted an affirmative defense based on the statute of repose on April 21, 2011, (*See* Doc. 13), yet Plaintiff failed to serve discovery requests until November 18, 2011. Baumer promptly responded to all discovery requests and Plaintiff has not filed a motion to compel.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgement (Doc. 58) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 23, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**