**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EDGARDO TOUCET,

        Plaintiff,

vs.                                Case No:  6:11-cv-617-Orl-37TBS

FUTURE FOAM CARPET CUSHION
CO.; and BAUMER OF AMERICA, INC.,

        Defendants.

**ORDER**

This cause is before the Court on Defendant's Motion for Final Summary Judgment (Doc. No. 83), filed June 1, 2012, Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment with Incorporated Memorandum of Law (Doc. No. 87), filed July 2, 2012, and Defendant's Reply in Support of its Motion for Final Summary Judgment (Doc. No. 91), filed July 16, 2012.

**BACKGROUND**

Edgardo Toucet ("Plaintiff"), an unskilled laborer employed by Spartan Staffing, LLC ("Spartan Staffing"), was working at the Orlando factory of Defendant Future Foam Carpet Cushion Co. ("Future Foam") on January 13, 2010, when a machine Plaintiff was operating injured him. (Doc. No. 36.) Future Foam manufactures padding used as a foundation for carpets. (*Id.* ¶ 3.) Future Foam contracts with companies such as Spartan Staffing to supply laborers for its factory with the intent of hiring such workers itself in the future. (Lovato Dep. 71:13-24, March 2, 2012, Doc. No. 83, Ex. C.) One such worker that Spartan Staffing provided to Future Foam was Plaintiff. (Doc. No. 36 ¶ 8.)

Plaintiff began working at Future Foam's factory in November 2009. (Toucet Dep. 28:9-29:25, 61:14-20, November 11, 2011, Doc. No. 83, Ex. A.) Future Foam's personnel trained Plaintiff, assigned him tasks, and supervised his work. (Toucet Dep. 49:25-50:20.) Per the terms of an agreement between Future Foam and Spartan Staffing, Plaintiff was on Spartan Staffing's payroll. (Doc. No. 36 ¶ 5; Pridgen Dep. 16:10-24, 35:19-37:9, 40:1-15, February 28, 2012, Doc. No. 83, Ex. B; Lovato Dep. 71:13-24.)

On January 13, 2010, Plaintiff was working at a foam peeling machine at Future Foam's plant. (Doc. No. 36 ¶ 27.) The machine operates by using a sharp blade to "peel" layers off a large foam cylinder. (Doc. No. 36 ¶ 14.) During the normal operation of the machine, when the majority of the foam is expended, the cylinder must be replaced by hand. (Toucet Dep. 30:15-31:9.) Future Foam's personnel assigned Plaintiff to replace the foam cylinder. (Toucet Dep. 49:25-50:12.) While Plaintiff was replacing the cylinder, the machine's blade cut Plaintiff, causing him significant injuries. (Doc. No. 36 ¶ 27.)

After Plaintiff was injured, Spartan Staffing provided him with workers' compensation payments and benefits. (Toucet Dep. 47:7-17.) Spartan Staffing paid for Plaintiff's treatment by a plastic surgeon, a urologist, a psychiatrist, and a psychologist. (Toucet Dep. 70:4-11.)

Plaintiff contends that Future Foam was negligent for disabling safety mechanisms on the peeler, failing to warn Plaintiff about the hazards of the machine, failing to alter the machine to prevent injury, and failing to comply with safety regulations in the operation of the machine. (Doc. No. 36 ¶ 30.) Future Foam now moves for summary judgment on Plaintiff's negligence claim. (Doc. No. 83.)

## APPLICABLE STANDARDS

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). The substantive law applicable to a case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Services, Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the movant has satisfied its burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the non-movant and resolves all reasonable doubts against the movant. *Anderson*, 477 U.S. at 255.

When the movant points out an absence of evidence on a dispositive issue for which the non-movant bears the burden of proof at trial, the non-movant must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotations and citations omitted). Summary judgment is mandated against a non-movant who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322; *Watson*, 252 F. Supp. 2d at 1352. The party opposing the motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) (noting "conclusory allegations without specific supporting facts have no probative value") (citations omitted).

**DISCUSSION**

Florida's Workers' Compensation Law is the exclusive remedy available to an employee who suffers a workplace injury. Fla. Stat. § 440.11(1). An employer that secures workers' compensation payments for an injured employee is immune from suit based on the injury. *Id.* at (1)(b)(2).

Statutory immunity also applies to employers that use the services of help supply services such as employee leasing services, temporary help services, and labor pools. *St. Lucie Falls Prop. Owners Ass'n v. Morelli*, 956 So. 2d 1283, 1285 (Fla. 4th DCA 2007). A "help supply services companies" is defined by Occupational Safety and Health Administration Standard Industry Code Industry Number 7363 as:

> Establishments primarily engaged in supplying temporary or continuing help on a contract or fee basis. The help supplied is always on the payroll of the supplying establishments, but is under the direct or general supervision of the business to whom the help is furnished.

Fla. Stat. § 440.11(2). Employers qualify for statutory immunity if: (1) they utilize the services of a help supply services company employee; (2) the employee was injured while "acting in furtherance of the employer's business"; and (3) either the borrowing employer or the help supply services company secured payment of compensation for the injured employee. Fla. Stat. § 440.11(2).

Future Foam argues that there is no genuine dispute of fact that these three elements of statutory immunity are satisfied. (Doc. No. 83.) Future Foam asserts that it utilized the services of Plaintiff, who was an employee of Spartan Staffing, a help supply services company. (*Id.* at pp. 11-12.) Future Foam also asserts that Plaintiff was injured while working in furtherance of Future Foam's business at Future Foam's factory under the supervision of Future Foam's personnel. (*Id.* at p. 12.) Finally, Future Foam argues

that since Spartan Staffing secured compensation for Plaintiff, Future Foam is immune from suit on Plaintiff's injury. (*Id.* at p. 13.)

Plaintiff argues that Future Foam fails to establish statutory immunity because Spartan Staffing is not a licensed employee leasing company and cannot guarantee that it will be able to continue providing compensation to Plaintiff in the future. (Doc. No. 87, p. 3, 5.) Plaintiff also argues that Future Foam fails to establish immunity under Florida's common law borrowed servant doctrine, the elements of which are that (1) there was a contract for hire between the special employer and the employee; (2) the employee was performing work for the special employer at the time of the injury; and (3) the special employer had the power to control the details of the employee's work. (*Id.* at 7); *see St. Lucie Falls Prop. Owners Ass'n*, 956 So. 2d at 1286). Finally, Plaintiff alleges that Spartan Staffing was not insured for purposes of workers' compensation. (*Id.* at 4.)

The Plaintiff's arguments are unavailing in light of the clear directive of the legislature. For the purposes of workers' compensation immunity, Fla. Stat. § 440.11(2) does not require a help supply services company to be specially licensed as such. Nor does the statute require a company that pays workers' compensation to prove its ability to continue providing compensation in the future. Additionally, workers' compensation immunity can be established pursuant to statute or Florida's common law borrowed servant doctrine; it is not necessary to prove immunity under both. (Doc. No. 91, p. 2); *see Derogatis v. Fawcett Mem'l Hosp.*, 892 So. 2d 1079, 1081 (Fla. 2d DCA 2004). In this case, Future Foam has argued only statutory immunity, and the Court does not undertake its own inquiry into whether the elements of the borrowed servant doctrine are satisfied. Finally, Section 440.11(2) does not require a company that pays workers' compensation to prove that it is insured for the purposes of workers' compensation.

5

Instead, the only requirements for statutory immunity are the elements given in Fla. Stat. § 440.11(2). The undisputed facts establish each of these elements. First, it is undisputed that Spartan Staffing was a help supply company, (Pridgen Dep. 9:18-24), that Plaintiff was Spartan Staffing's employee, (Toucet Dep. 28:9-29:25, 49:18-51:12), and that Future Foam utilized Plaintiff's services (Toucet Dep. 50:21-51:12; Pridgen Dep. 16:10-24, 35:19-37:9, 40:1-15; Lovato Dep. 71:13-24). Second, it is undisputed that Plaintiff was injured while acting in furtherance of Future Foam's business. (Toucet Dep. 14:1-17, 50:21-51:12.) Finally, it is undisputed that Spartan Staffing secured payment of compensation for Plaintiff after his injury. (Toucet Dep. 70:4-11.)

In sum, Future Foam has established that there is no genuine dispute of fact as to each element of Section 440.11(2). As such, Future Foam's motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Future Foam's Motion for Final Summary Judgment (Doc. No. 83) is **GRANTED**.

2. Plaintiff is directed to notify the Court on or before August 3, 2012, if any of Plaintiff's claims remain pending in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 31, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record